**In the Matter of the Application for the DISCIPLINE of David M. WATSON, an Attorney at Law of the State of Minnesota.**

No. C1–85–480.

Supreme Court of Minnesota.

March 20, 1985.

## ORDER

The above entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, respondent has concluded it is in his best interest to enter into this stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. Respondent understands he has the right to have charges of unprofessional conduct against him heard by a Lawyers Professional Responsibility Board Panel prior to the filing of a petition for disciplinary action, as set forth in the Rules on Lawyers Professional Responsibility (RLPR). Pursuant to Rule 10(a), RLPR, the parties agree to dispense with panel proceedings under Rule

9, RLPR, and respondent agrees to the immediate filing of a petition for disciplinary action, hereinafter petition, in the Minnesota Supreme Court.

2. Respondent understands that upon the filing of this stipulation and the petition this matter will be of public record.

3. Respondent understands he has certain rights pursuant to Rule 14, RLPR. Respondent waives these rights, which include the right to a hearing before a referee on the petition; to have the referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the supreme court upon the record, briefs and arguments. Respondent hereby admits service of the petition.

4. Respondent waives his right to answer and unconditionally admits the allegations of the petition which may be summarized as follows:

(a) Respondent neglected to file requested tax documents in the W.F. Willert estate between February, 1978 and February, 1982, in violation of DR 6–101(A)(3) and DR 7–101(A), Minnesota Code of Professional Responsibility, (MCPR).

(b) Respondent failed to properly maintain copies of original client records and was, therefore, unable to promptly return client property upon request in violation of DR 1–102(A)(6) and DR 7–101(A)(3), MCPR.

(c) Respondent failed to cooperate with the Ninth District Ethics Committee's and Director's investigations of complaints of unethical conduct in violation of Dr 1–102(a)(5) and (6), MCPR; Rule 25, RLPR; and the Minnesota Supreme Court's holding in *In re Cartwright*, 282 N.W.2d 548 (Minn.1979).

5. Respondent understands that based upon these admissions, this court may impose any of the sanctions set forth in Rule 15(a)(1)–(6), RLPR, including making any disposition it deems appropriate. Respondent understands that by entering into this stipulation, the Director is not making any representations as to the sanction the court will impose.

6. The Director and respondent join in recommending that the appropriate discipline is a public reprimand and two years supervised probation pursuant to Rule 15, RLPR. Respondent's probation shall be subject to the following terms and conditions:

(a) Within three weeks of the supreme court's order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(b) Respondent shall cooperate fully with the supervisor and with the Director's office in their efforts to monitor respondent's probation compliance, and in any investigations of further unprofessional conduct which may arise during the probation.

(c) Respondent shall abide by the MCPR or such other rules governing attorney conduct as the supreme court may promulgate. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a probation violation.

(d) Respondent shall initiate and maintain office procedures which insure that there are prompt responses to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will insure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(e) Respondent shall complete the W.F. Willert estate, or refer the matter to another attorney, no later than September 30, 1985.

(f) Respondent agrees to the imposition and payment, within thirty (30) days of this court's order, of $500 in costs pursuant to Rule 24(a), RLPR.

7. This stipulation is entered into by respondent freely and voluntarily, without any coercion, duress or representations by any person except as contained herein.

8. Respondent hereby acknowledges receipt of a copy of this stipulation.

Based upon all the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. Respondent David M. Watson is publicly reprimanded pursuant to Minn.R.Law. Prof.Resp. 15.

2. Respondent David M. Watson is placed on supervised probation for a period of two years from the date of this order subject to the following terms and conditions:

(a) Within three weeks of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(b) Respondent shall cooperate fully with the supervisor and with the Director's office in their efforts to monitor respondent's probation compliance, and in any investigations of further unprofessional conduct which may arise during the probation.

(c) Respondent shall abide by the Minnesota Code of Professional Responsibility or such other rules governing attorney conduct as this court shall promulgate. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a probation violation.

(d) Respondent shall initiate and maintain office procedures which insure that there are prompt responses to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will insure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(e) Respondent shall complete the W.F. Willert estate, or refer the matter to another attorney, no later than September 30, 1985.

(f) Respondent shall pay to the Lawyers Professional Responsibility Board within thirty (30) days of the date of this order the sum of $500 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.